We are of opinion that it was incumbent upon the respondents to show that lawful authority existed for bonding the town of Scipio in aid of the railroad at the time of the institution of the proceedings for that purpose. Without such authority there was no foundation for the proceedings which the relator seeks to have reviewed; and the assessors could have had no jurisdiction whatever to do the act complained of. Such jurisdiction cannot be presumed, but must be affirmatively shown.
It is claimed by the respondents that authority to bond the town of Scipio, in Cayuga county, existed under the act entitled "An act to facilitate the construction of the New York Oswego Midland Railroad, and to authorize towns to subscribe to the capital stock thereof," being chapter 398 of the Laws of 1866, and the amendments thereto, contained in the Laws of 1867, chapter 917, section 3, 1869; chapter 84, section 4, 1871; chapter 298, section 1. The act of 1866 authorizes the bonding of towns in certain named counties, and prescribes the form of proceeding, but Cayuga is not one of the counties named. The act of 1867, as amended by the act of 1869, authorizes the board of directors of the company to construct three branches, one of them to extend through certain counties named, including Cayuga, to Auburn, in that county, whenever, in the judgment of the directors, the same shall be for the interest of the corporation, and provides that the towns and cities along the line of said branch railroads, or interested in the construction thereof, in any county through which said road shall run, shall have the same power *Page 591 
to issue bonds to aid in the construction thereof as is given by the act of 1866. It is obvious that the mere passage of these acts conferred no authority upon the town of Scipio to issue bonds; but that, before it could have any such authority, the board of directors of the railroad company must have exercised the discretionary power vested in them to establish a branch railroad through the county of Cayuga. The counties through which the branches should run were the only ones where towns were empowered to issue bonds. It clearly was not the intention of the act that any town should issue bonds unless the road should run through it, or through the county in which the town was situated. Yet this result might follow if the town bonds should be issued before the branch road was located or the board of directors of the company had even determined whether or not they would exercise the privilege of constructing the branch. It does not appear in any manner that the branch to Auburn had been located or even determined upon by the board of directors when the proceedings now under review were instituted.
The act of 1871 is subject to the same observations. It authorizes another branch from Auburn to Lake Erie, or the Niagara river, upon such route and location and through such counties as the board of directors shall deem most favorable, and provides that any town, etc., in any county, through or near which said railroad or its branches may be be located, may issue bonds, etc. The location of the road or branch is here again made a condition precedent to the right to issue bonds; and there is a total absence of proof that any such location had been made at the time of the proceedings to bond the town of Scipio. There is no evidence whatever in the case of any authority to bond that town in aid of the railroad. The most that appears is that acts had been passed purporting to authorize the bonding of the towns in Cayuga county, in certain events, which are not shown to have occurred.
This objection we deem fatal to the whole proceeding. The points made by the respondents as to the right of the *Page 592 
relator to intervene, and the pendency of the suit in equity, are satisfactorily disposed of in the opinion of MULLIN, J., at General Term.
The conclusion which we have reached is sufficient to dispose of the case, and renders it unnecessary to pass upon the other serious points raised by the relator.
The judgment appealed from should be reversed, and judgment entered on the certiorari vacating the proceedings.
All concur.
Judgment reversed and judgment accordingly.