THE PEOPLE ex rel. WALTER GRAY et al., Appellants, *v.*
MARCUS H. PHILLIPS et al., Respondents.

Although there may be no statutory limitation of time for bringing a
common-law *certiorari*, the writ and proceedings based upon it have no
office to perform when there is no legal right that can be enforced or
protected by it.

Under the provisions of the act authorizing the bonding of certain towns
in aid of the Lake Ontario Shore Railroad (chap. 811, Laws of 1868;
amended by chap. 241, Laws of 1869), proceedings for bonding the
town of Y. were completed and the requisite papers filed in the office
of the county clerk August 25, 1870.　The commissioners of the town,
acting thereon, subscribed for stock in November, 1871, and in May,
1872, paid for the same by delivering town bonds to the full amount.
During that year the board of supervisors of the county made provision
by tax for payment of the interest for the ensuing year, and a semi-
annual installment was paid in April, 1873.　The relators, tax-payers

of said town, in August, 1873, proceeded by a common-law writ of *certiorari*, directed to the county clerk, the commissioners and assessors, to review their proceedings and the General Term affirmed the proceedings. *Held* (EARL, J., dissenting), that the assessors, whose official action alone it could be at all important to review, were in all matters brought up by the writ *functus officii* when it was issued, and their powers and duties could not be revived, or their action nullified so as to affect the rights or title of holders of the bonds, or the liability of the town thereon by any judgment upon the writ; that the relators had no rights which could be affected by any such judgment ; and that the writ should have been quashed; but, as the judgment of affirmance was for all practical purposes a nullity, that an appeal therefrom brought up nothing for review, or upon which a judgment could be given enforceable by execution, and therefore that the appeal should be dismissed.

Also, *held,* that under said statute it was in the application to the county judge for the appointment of commissioners, if anywhere, that it should be made to appear that the town was "situate along the route" of said railroad, the duty of the assessors being limited to the examination of the consents, and determining whether the requisite number of tax-payers had assented to bonding the town; and as said application was not before the court, or the title of the commissioners challenged, the question as to whether there was a defect in showing the location of the town was not presented.

*People ex rel.* v. *Morgan* (55 N. Y., 587) distinguished.

(Argued September 18, 1876; decided September 26, 1876.)

THIS was an appeal from judgment of General Term of the Supreme Court in the fourth judicial department affirming the proceedings of defendants, the assessors of the town of Yates, Orleans county, the county clerk of said county and the commissioners of said town, in the matter of bonding of said town in aid of the Ontario Lake Shore railroad, which proceedings were brought up for review upon common-law *certiorari*. The facts and the holdings of the court are sufficiently set forth in the head-note.

*Geo. F. Danforth* and *I. M. Thompson* for the appellants.

*A. Perry* for the respondents.

ALLEN, J., reads for dismissal of appeal. FOLGER, ANDREWS and MILLER, JJ., concur. EARL, J., was for affirmance. CHURCH, Ch. J., took no part. RAPALLO, J., absent.

Appeal dismissed.