The People ex rel. William V. Corwin, Respondents, *v.* Peter D. Walter, Clerk, etc., et al., Appellants.

| 68 | 403 |
| 126 | 506 |
| 68 | 403 |
| 131 | 472 |
| 68 | 403 |
| 139 | 448 |

The People ex rel. William P. Mentz et al., Respondents, *v.* Peter D. Walter, Clerk, etc., et al., Appellants.

The People ex rel. Ralph Stockwell et al., Respondents, *v.* Peter D. Walter, Clerk, etc., et al., Appellants.

The People ex rel. Elmore Hess et al., Respondents, *v.* Peter D. Walter, Clerk, etc., et al., Appellants.

A common-law *certiorari* only lies to inferior tribunals, and to officers exercising judicial powers; the title to office or the acts of an officer whose duties are strictly ministerial cannot be inquired into, examined or reviewed upon a writ directed to him.

The fact that a public agent exercises judgment and discretion in the performance of his duties, does not make his actions or powers judicial in their character.

A writ of certiorari directed to different officers having no joint or common duties, but acting each independently of the other, is bad for multifariousness.

The office of a town commissioner under the acts authorizing the bonding of certain towns in aid of the Lake Ontario Shore Railroad Company (chap. 811, Laws of 1868, as amended by chap. 241, Laws of 1869), is strictly ministerial and the title to office of commissioners appointed under said act cannot be determined, nor can their proceedings be reviewed upon a *certiorari* directed to them; to review the appointment of the commissioners, the writ should be directed to the county judge making the appointment. A return, therefore, by such commissioners to a writ directed to them brings up nothing for review.

*People ex rel.* v. *Morgan* (55 N. Y., 587) distinguished.

The jurisdiction of assessors under said statute may be inquired into upon return to a *certiorari*, directed to them, and brought before their action has been consummated and put beyond their recall, or the power of the court, and which is not vitiated by being united with other writs in the same proceeding directed to other officers. But where the duties of the assessors have been fully performed, and the commissioners acting upon their determination have issued and delivered the bonds of the town in exchange for stock of the railroad corporation, a writ thereafter issued directed to the assessor is fruitless and ineffectual, and should be quashed.

As to whether, if the assessors had jurisdiction, the court can, upon *certiorari,* inquire into the facts and review their determination, *quære.*

Where, in such case, the General Term rendered a judgment reversing the action of the assessors, *held,* that an appeal therefrom brought up nothing for review, and should be dismissed.

*People ex rel.* v. *Walter* (2 Hun, 385) reversed.

(Argued January 19, 1877 ; decided February 13, 1877.)

THESE were appeals from judgments of the General Term of the Supreme Court in the fourth judicial department, reversing the action of the town commissioners and assessors of certain towns in Niagara county, under the act chapter 811, Laws of 1868, as amended by chapter 241, Laws of 1869, in proceedings to bond said towns in aid of the Lake Ontario Shore railroad, and also vacating and setting aside the appointment of the commissioners. (Reported below, 2 Hun, 385.)

In each of the cases, after the town assessors had made their decision and affidavits, a writ of *certiorari* was issued to them; a motion was made to quash the same. The commissioners subscribed for stock of the railroad and executed and delivered the bonds of the town in payment therefor. The motion to quash was granted, while it was pending, and before the issue of the bonds, a writ of *certiorari* was issued, directed to the county clerk. About nine months after the issuing of the bonds, an ancillary writ was issued, directed to the commissioners; and some six months thereafter another ancillary writ was issued, directed to the assessors. Returns were made to all the writs.

The General Term decided, in each case, that " the determination, affidavits and adjudication" of the assessors, and the appointment of, and all the acts, doings and proceedings of the town commissioners were, " in all respects, irregular, erroneous and wholly void." And it was adjudged that the proceedings of the assessors, and the appointment and proceedings of the commissioners " be and the same are hereby vacated, reversed, set aside, and, in all things, held for naught."

*A. Perry* for the appellants.   The relators have no such
interest in the subject-matter or connection with the proceed-
ings as to entitle them to prosecute these writs of *certiorari.*
(1 Crary Special Proceedings, 157, 162 ; *Colden* v. *Betts,* 12
Wend., 234 ; *People* v. *Stryker,* 24 Barb., 650–4 ; *People* v.
*Overseers, etc.,* 44 id., 467 ; *Starkweather* v. *Seely,* 45 id., 164,
168 ; *Case of Fifty-third street,* 3 Abb., 332 ; *Ex parte Mayor
of Albany,* 23 Wend., 277, 289 ; *People* v. *Schell,* 5 Lans., 352,
354 ; *Supervisors of Orleans* v. *Bowen,* 4 id., 24, 31, 33 ; *Ralph*
v. *Collins,* 19 Wend., 56, 64, 65.)   A common-law *certiorari*
can only issue to a court or officer who acts judicially and to
review judicial acts, and will lie only to remove the record
and proceedings which remain before the tribunal to which it
is addressed.   (1 Crary, Sp. Pro., 160 ; Dillon's Municipal
Corp., 682 ; Bac. Ab. Cert. [F] ; Haw. P. C., ch. 27, §§ 41,
43 ; *Pugsley* v. *Anderson,* 3 Wend., 468 ; *Pearsall* v.
*Comrs. of N. Hempstead,* 17 id., 15 ; *People* v. *Mayor of
N. Y.,* 2 Hill, 9 ; *In re. Mt. Morris Square,* 2 id., 14 ;
*People* v. *Suprs. of Queens,* 1 id., 195, 200 ; *People* v. *Mayor
of New York,* 5 Barb., 43 ; *People* v. *Mayor of Brooklyn,* 9
id., 535 ; *People* v. *Van Slyck,* 2 Cow., 297 ; *Bogart* v.
*Mayor of N. Y.,* 7 id., 158   *People* v. *Board of Health of
N. Y.,* 33 Barb., 344–6 ; *People* v. *Suprs. of Livingston,* 43
id., 232 ; 12 Abb., 88 ; S. C., 20 How., 458 ; *People* v. *Hill,*
53 N. Y., 547 ; *People* v. *Comr. of Highways of E. Hamp-
ton,* 30 id., 72 ; *People* v. *Reddy,* 43 Barb., 539 ; *People* v.
*Fredericks,* 48 id., 173 ; *People* v. *Suprs. of Alleghany,* 15
Wend., 198 ; *Pearsall* v. *Comr. of Highways, N. Hampton,*
17 id., 15 ; *Pugsley* v. *Anderson,* 3 id., 468 ; *People* v. *City
of Brooklyn,* 49 Barb., 136, 143 ; *Fitch* v. *Kirkland,* 22
Wend., 132, 136 ; *People* v. *Smith,* 45 N. Y., 772, 775 ; *People*
v. *Delano,* 49 id., 655.)   A writ of *certiorari* will be refused or
granted according to the discretion of the court.   (1 Crary,
Sp. Pro., 153 ; *People* v. *Mayor, etc.,* 2 Hill, 9 ; *People* v.
*Delany,* 49 N. Y., 615 ; *In re. Mt. Morris Square,* 2 Hill,
28 ; *People* v. *Suprs. Albany,* 15 Wend., 206 ; *People* v. *Hill,*
53 N. Y., 547.)   The assessors had complete jurisdiction, and

whether their action was ministerial or judicial, it cannot be reversed on *certiorari*. (Laws of 1869, 448, § 2; *People* v. *Hurburt*, 46 N. Y., 110; *People* v. *Smith*, 45 id., 772; *Howland* v. *Eldridge*, 43 id., 460; *Hyat* v. *Bates*, 40 id., 164; 14 id., 540; *People* v. *Bd. of Police*, 39 id., 506; *Birdsall* v. *Phillips*, 17 Wend., 564; *People* v. *Van Slyck*, 4 Cow., 297; *People* v. *Comrs., etc.*, 30 N. Y., 72; *People* v. *Comrs., etc.*, 37 id., 360; *People ex rel. Sayre* v. *Franklin*, 5 Lans., 129; *Vil. of Rome* v. *Bk. of Rome*, 19 N. Y., 20; *Starin* v. *Genoa*, 23 id., 439; *Gould* v. *Sterling*, id., 456; *People* v. *Mead*, 24 id., 114; *Same*, 36 id., 224; *People* v. *Halsey*, 37 id., 344, affirming 53 Barb., 547; *People* v. *Delany*, 49 id., 655; *People* v. *Fredericks*, 48 id., 76, 77; *People* v. *V. of Ogdensburgh*, 48 id., 390, 394; *Barhyte* v. *Shepard*, 35 id., 238; *Swift* v. *Poughkeepsie*, 37 id., 571; *Buff. and S. L. R. R.* v. *Suprs. of Erie*, 48 id., 93–99; *W. R. R.* v. *Nolan*, 48 id., 513–518; *Alb. and West. S. R. R.*, 16 Barb., 244; *People* v. *Howland*, 61 id., 273; *Dorn* v. *Barker*, 61 id., 597; *Wade* v. *Matheson*, 4 Lans., 158; *Weaver* v. *Devendorf*, 3 Den., 117; *Vale* v. *Owen*, 19 Barb., 22; *Ex parte Mayor of Albany*, 23 Wend., 277; *West. R. R. Co.* v. *Nolan*, 48 N. Y., 515.)

*William S. Farnell* for the respondents. The location of the road was a condition precedent and necessary to give jurisdiction for any proceedings for bonding the town. (*People ex rel. Aiken* v. *Morgan*, 55 N. Y., 587.) All the facts, proof and evidence necessary to give the assessors jurisdiction and to support their affidavit or decision after it is made must appear affirmatively from the returns. (47 N. Y., 415; 46 id., 110.) The action of the assessors is not final. (*People ex rel. Yawger* v. *Allen*, 52 N. Y., 538; *People* v. *Deyoe*, 2 N. Y. S. C. R., 142; *People* v. *Spencer*, 55 N. Y., 1; id., 587.) The truth of the assessors' affidavit must be sustained affirmatively by the consent papers filed by them, or the whole proceeding will be set aside. (*People ex rel. Hoag* v. *Peck*, 4 Lans., 528, 534; *People ex rel. Delafield* v. *Hughitt*, 5 id.,

89; *People ex rel. Allen* v. *Knowles*, 47 N. Y., 772; *People
ex rel. Freeman* v. *Hulburt*, 46 id., 110.)  The issuing of the
writ of *certiorari* and service thereof on the commissioners
suspended their right and power to sign and issue the bonds.
(*Briggs* v. *Bowen*, 60 N. Y., 454; *Case* v. *Shepard*, 2 J.
Cas., 27; Bacon's Abr., title "Certiorari," G. & R.; *Patchin*
v. *Mayor, etc.*, 13 Wend., 646; 5 Seld., 263, 277, 288.)

Allen, J.  There is an embarrassment in determining
what judgment should be given in, or disposition made of,
these appeals, not by reason of any intrinsic difficulty in the
questions connected with the merits of the transactions
sought to be reviewed when presented in proper form, but
growing out of the questionable shape in which the action
of the officers named is presented for review, and also the
fact which is prominent upon the record that the judgments
from which these appeals are brought are, and any judgments
we might give would be, utterly fruitless and incapable of exe-
cution.  The bonds of the several towns interested had been
issued and delivered in exchange for the stock of the railroad
corporation many months before the initiation of these pro-
ceedings, so far as they affect the assessors, a former writ of
*certiorari* having been quashed, and at least one installment
of interest had been levied upon the towns, and paid to the
holders of the bonds.  These bonds cannot be recalled and
restitution made, or the parties restored to their former con-
dition by any judgment or order in these proceedings, and
neither the towns nor the bondholders will be bound or
estopped by the judgments of this or any other court in these
proceedings.  A judgment of any court, whatever its juris-
diction, is only evidence against parties to the record, or those
in privity with them.  The records would not be competent
evidence in an action upon the bonds, and if our judgment
should be adverse to the validity of the proceedings under
the statutes authorizing the issue of bonds, the bondholders
might laugh at our decision, knowing that it could not affect
them, and if we should affirm the action of the assessors, the

town authorities might snap their fingers, and in an action upon the bonds make every defence which legal skill should suggest, without the slightest impediment from our opinions or judgments. It is a fundamental principle, that a party cannot be deprived of his property or civil rights, except by due process of law, or affected by judgments in actions and proceedings to which he is not a party, and in which he has not had his day in court. We recently dismissed an appeal from the judgment of the Supreme Court upon a *certiorari* in a smilar proceeding, for the reason that the court would not do a vain thing or give a judgment which would be ineffectual for any purpose. (*People* v. *Phillips*, 67 N. Y., 582.) The rights of parties having interests to litigate cannot be foreclosed or embarrassed by a contest between strangers. We were of opinion that the Supreme Court should have quashed the *certiorari*, but as the judgment in affirmance of the action of the assessors would not estop the town or embarrass a defence to an action on the bonds, we did not disturb it. We were also of opinion that the title of the commissioners to their office could not be determined upon a *certiorari* directed to them.

These proceedings were commenced and continued with a remarkable disregard of the proper functions of a common-law *certiorari*, and as a proceeding directly against the commissioners to remove them from office, it has been substituted for an action in the nature of a *quo warranto*, and the judicial action of the county judge in appointing them to office has been reversed upon a *certiorari* not addressed to him, but to the officers appointed by him, and without a return by the magistrate of the record before him, or the facts upon which he entertained jurisdiction. The attempt to reverse the judicial action of the assessors by a *certiorari* addressed to the county clerk with whom was deposited the record of their acts, was an anomaly in legal proceedings, but it was sought to be corrected afterwards by an ancillary writ directed to the assessors.

A common-law *certiorari* is in the nature of an appeal from the judgments and judicial determination of inferior

tribunals, and officers acting under statutory authority or when the proceeding is not according to the common law. The writ lies only to inferior courts and officers exercising judicial powers affecting the property or rights of the citizen, and is directed to the court, magistrate, or board, exercising such powers, requiring them to send into the Supreme Court from which the writ issues, the proceedings in a cause or matter already terminated. (*Stone* v. *Mayor, etc., of New York*, 25 Wend., 157 ; *People* v. *Same*, 2 Hill, 9 ; *Lynde* v. *Noble*, 20 J. R., 80 ; *Lawton* v. *Comr. of Highways*, 2 Caines R., 182; *Starr* v. *Trustees of Rochester*, 6 Wend., 564; *Ex parte Mayor of Albany*, 23 id., 277.)

The three writs of *certiorari* issued at different times, but in the same proceeding, and all consolidated, were addressed to three different classes of officers, only one of which, viz., the assessors, exercised any judicial functions.   These different officers had no joint or common duties devolved upon them, but each acted independent of the other, and two several judgments have been given, one removing the commissioners from office, and the other reversing the action of the assessors.   The proceedings were multifarious and bad for that reason, bringing together incongruous and independent matters for the judgment of the court.  In *Starr* v. *Rochester* (*supra*) the writ, intended to bring up for review the proceedings in laying out a street, was directed not only to the trustees of the corporation, but also to the assessors and the president of the board, and it was held multifarious.  A *certiorari*, as an independent proceeding to bring up the action of the county judge in the appointment of the commissioners, should have been addressed to that officer, and not to the commissioners. A return by the latter brought up nothing for review any more than would a return to a *certiorari* directed to a constable having an execution upon a judgment of a justice of the peace bring up the judgment for review, and affirmance or reversal, as the facts which the constable might return should seem to require. (*Starr* v. *Rochester*, and *Ex parte Mayor of Albany, supra.*)  In *Bryant* v. *Mayor, etc., of New York*

(7 Cow., 158) the writ was directed to the corporation of the city to bring up the proceedings for laying out a street, and it was sought to review the action of the judge, acting as a commissioner, in appointing the commissioners of estimates and assessment, and it was held they were not before the court for review, but that a writ to bring up those proceedings should be directed to the judge who made the appointment. This would dispose of the proceedings against the commissioners, and lead to a reversal of that part of the judgment which removes them from office.    But, in *The People* v. *The Supervisors of Queens* (1 Hill, 195), we have a direct authority that a *certiorari* does not lie to a ministerial officer for the purpose of examining process under which he is acting, nor to inquire into the title by which he holds office.    Again, the duties of the commissioners were strictly ministerial and not subject of review by *certiorari.*  The judgment of the Supreme Court removing them from office necessarily, if sustained, carried their proceedings with it.    It is well settled that a *certiorari* does not lie to a ministerial officer, and the fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character.    The superintendent of the new capitol exercises judgment in the making of contracts, and in performing his many duties, but he does not exercise judicial powers.  (*People* v. *Mayor of New York*, 2 Hill, 9 ; *Same* v. *Same*, id., 14, n. *a.*)

*The People* v. *Morgan* (55 N. Y., 587) is relied upon to sustain the judgment against the commissioners as well as that reversing the proceedings of the assessors.  But in the case cited the commissioners were not parties to the proceedings, and their title to office was not passed upon, and they had taken no action and performed no duties.  They were named in the writ, but merely to restrain them from acting while the proceedings were pending, and the proceedings of the assessors were reversed, they being judicial in their nature, for want of jurisdiction, or rather by reason of a failure to show jurisdiction under the peculiar statutes from which alone they derived

authority. (Laws of 1869, chap. 241, § 1.) There was no judgment affecting the title of the commissioners to the office, or touching their action as commissioners. The court below were misled as to the scope of the writ in that case, and the judgment actually given by the appearance of the names of the commissioners in the proceedings without a statement of the manner in and purposes for which they were named. They were not called upon to, and did not, make a return to the writ, but were merely enjoined from action. The court had not jurisdiction over the title of the commissioners to office, and the judgment removing them from office is void for want of jurisdiction, and should be reversed.

The judgment, so far as it professes to set aside and annul the action of the commissioners in subscribing for the stock of the railroad corporation, and issuing the bonds of the town therefor, is without precedent and inconsistent with the proper officers of the common-law *certiorari*. The proceedings of the commissioners were purely ministerial, requiring, it may be, the exercise of discretion and judgment, but the duties were in no respect judicial, and did not call for the exercise of judicial discretion and determination. The judgment is a nullity. It purports to set aside and avoid the contracts and dealings of the commissioners and the railroad company, and nullify the bonds of the towns without the presence of the town or the railroad corporation as parties to the proceedings, and to annul securities issued to third persons, who have not been heard or had a day in court. The judgment, to this extent, is a mere *brutem fulmen*, and is deceptive and therefore mischievous. It cannot but encourage litigation by a judgment which binds nobody, and which may prove fallacious. With proper parties before the court, the case might assume a very different shape, as well upon the facts as the law applicable to the facts.

The judgment reversing the action of the assessors stands upon a different footing from that against the commissioners, and the jurisdiction would have been the proper subject of inquiry upon a return to a writ of *certiorari*, brought before

their action had been consummated, and put beyond their recall or the powers of the court, directed to them, and which was not vitiated by being united with other writs in the same proceeding directed to other officers.    In *The People* v. *Morgan* (*supra*) we reversed the action of the assessors for want of jurisdiction in them to act.    The jurisdiction of inferior magistrates and officers exercising judicial powers is always open to review upon a writ of *certiorari*, and in that case no action had been taken, based upon the determination of the assessors, and a reversal of their action affected no rights other than those before the court, and full effect would be given to the judgment and the town effectually protected from the issue of bonds as none had been issued or could thereafter be issued.    Whether, under the statutes, if the assessors had jurisdiction, the court could inquire into the facts and review their determination may be questionable, but it is not necessary to consider it.    If *The People* v. *Phillips* (*supra*) was rightly decided and the decision is to be followed, the appeal from the judgment reversing the action of the assessors should be dismissed.    We are not called upon, and ought not, to determine questions which are speculative, and pronounce judgments which can only gratify curiosity as to our opinions upon cases propounded where the judgment can have no practical effect in determining any pending litigation, or any controversy that may arise in the future, and where our decision and judgment will be entirely extra-judicial and entitled to no respect as authority.

The court below should have dismissed the *certiorari*, but as no harm can arise from permitting the formal judgment to stand and dismissing the appeal, it should be so ordered.

The judgments on the writs directed to the commissioners should be reversed and the appeals from the other judgments should be dismissed.

All concur.

Judgments and orders accordingly.