THE PEOPLE OF THE STATE OF NEW YORK *v.* NATHAN BEMAN.

*Certiorari—decision overruling demurrer to indictment—when not reviewable by.*

A decision overruling a demurrer interposed to an indictment, and directing that judgment be given for the People, unless the accused plead over, cannot be reviewed upon a *certiorari* before a judgment has been entered on the decision.

The court cannot review the decision before entry of judgment, even though the counsel for both of the parties agree that it may so review it.

CERTIORARI to review a rule or order of the Court of Oyer and Terminer, overruling a demurrer interposed by the accused to an indictment found against him.

*John P. Badger,* district attorney, for the People.

*Leslie W. Russell,* for the defendant.

FOLLETT, J.:

One Baker was charged with the crime of arson. Nathan Beman

was indicted as an accessory before the fact. He interposed a demurrer to the indictment, which was overruled, the decision by the Oyer and Terminer being, that judgment be given for the People upon the indictment, unless he plead over. A judgment was not entered. Beman seeks to review the decision of the Oyer and Terminer upon certiorari.

In a criminal case prosecuted by indictment, if judgment be entered on a demurrer, the judgment may be reviewed upon a writ of error. (*People* v. *Reagle*, 60 Barb., 527, 543.) But we find no authority at common law or under the statutes for reviewing a decision of the Oyer and Terminer, overruling a demurrer, upon a certiorari before judgment. The decision sought to be reviewed by this writ is not a judgment, nor a termination of the action. (*People* v. *Walter*, 68 N. Y. 409.) This practice being without precedent or authority, we cannot review the decision because counsel are agreed that it may be so reviewed. It might become a troublesome precedent, and it may well be doubted whether any decision made by this court under such circumstances would be binding on the parties. The writ of certiorari must be quashed.

LEARNED, P. J., and BOCKES, J., concurred.

Certiorari quashed.