WALTER BURKE, JR., Respondent, *against* THE MANHATTAN RAILWAY COMPANY, Appellant.

(Decided March 13th, 1885).

At a trial of an action against an elevated railway company for damages for personal injuries caused by a spark or cinder from defendants' locomotive, the judge instructed the jury that it was the duty of defendants to adopt all the means which modern science, discovery and invention afford, and all the facilities of the age within their power, in the operation of their roads, that they might so exercise their rights as not to cause injury to others. *Held*, that although this instruction was erroneous, being too broad, general and vague, the error was obviated by the judge subsequently charging, at the request of defendants, that if defendants used the best devices known to avoid throwing sparks, ashes or cinders, and used them carefully and with prudence, they were not responsible; and that they were not bound to use any supposed improved device, or one which theoretically might be supposed to be better than the one in use, but only such whose utility had been tried and approved in practical operation ; as this so qualified and limited what had previously been said that the jury could not have been misled.

Plaintiff's testimony was that while he was driving a street car under

defendants' railway, a locomotive engine passed over his head, and as it passed, a shower of cinders came into his face, one of which struck in his eye, producing a severe injury. *Held*, that this, with general evidence of the falling of sparks, as a matter of daily observation, was sufficient to make a *prima facie* case of negligence against defendants; and that instructions to the jury that if cinders or sparks escaped from defendants' locomotive, it was *prima facie* evidence of negligence, must be understood as referring to the escape of cinders and sparks described by the plaintiff, and were substantially correct.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered on the verdict of a jury and an order denying a motion for a new trial.

The action was brought to recover damages for an injury to plaintiff occasioned by cinders from a locomotive engine of defendants, in use upon their elevated railroad over Sixth Avenue in the City of New York, falling upon him and striking him in the eye while driving a horse-car under defendants' railway. The complaint alleged negligence on the part of defendants in causing the locomotive to emit such cinders and cast them on the person of plaintiff; which was denied by the answer.

At the trial the judge instructed the jury upon the question of negligence on the part of defendants as follows:

"I charge you that by law the defendants were authorized to use the particular means which they have adopted and were then using for the purpose of a motor to run their cars; they had their election, and it was not negligence on their part if they elected to use that which the law permitted them to, provided they used it with due care, prudence, caution and discretion. I charge you that it is their duty to operate their roads with such care, prudence and caution as an ordinarily prudent person would exercise to prevent any injury being sustained by others in consequence of the manner in which they operate their roads or exercise their rights. The liability to make reparation for an injury by negligence is founded upon an original and moral duty incumbent upon every person so to conduct himself or exer-

cise his own rights as not to injure another, and it follows that it is the duty of the defendants to take all the precaution within the range of possibility to prevent injury to others from the operation of their roads; it is their duty to adopt all the means which modern science, discovery and invention afford, and all the facilities of the age within their power, in the operation of their roads, that they may so exercise their rights as not to cause injury to others."

Defendants excepted to the last clause of the foregoing charge, and also to various instructions given at plaintiff's request, among them the following: that " the nature of the accident may itself afford *prima facie* evidence of negligence; " that " if cinders or sparks escaped from defendants' locomotives, it is *prima facie* evidence of negligence in not preventing the same; " that " if the defendants used a spark arrester and it did not stop the emission of sparks, then there was negligence in their using such a kind as did not operate successfully; there was negligence if it was possible for them to have used something which would have worked more successfully; otherwise not; " that " the burden of proving absence of negligence is thrown upon the defendant, if there are circumstances attending the accident which indicate negligence; " and that " it is always a question for the jury whether a railroad company is guilty of negligence in not adopting a modern improvement to prevent injury."

Subsequently, at defendants' request, the judge further charged the jury, that if defendants " used the best devices in known use to avoid throwing sparks, ashes, or cinders," and " used those carefully and with prudence, and were not guilty of any negligence in the use of the best known devices, then they are not liable; " also that defendants were " not bound to use any supposed improved device, or one which theoretically might be supposed to be better than the one in use, but only such whose utility had been tried and approved in practical operation."

The jury found a verdict for plaintiff. A motion by defendants for a new trial was denied, and judgment for plaint-

iff was entered on the verdict. From the judgment and the order denying their motion for a new trial, defendants appealed to the General Term of the City Court, which affirmed both; and from the judgment entered upon this decision defendants appealed to this court.

*Julien T. Davies* and *Edward S. Rappallo*, for appellants.— I. The trial court gave erroneous instructions to the jury, and announced a rule not in accordance with the decisions, in that portion of the charge relating to the law of negligence, and specifying what omissions to supply appliances would constitute actionable negligence on the part of the defendants.

The fact of plaintiff's injury was not contested, and the whole case turned upon the point as to whether or not the defendants were proved to have been negligent in making use of appliances that they did not use, to prevent the emission of sparks. The rule of law upon this subject was stated too strongly against defendants (*Steinwey* v. *Erie Railway*, 43 N. Y. 123; *Berier* v. *Delaware &c. Canal Co.*, 13 Hun 254; *Collins* v. *New York Central &c. R. R. Co.*, 5 Hun 503; *Chicago R. R. Co.* v. *Smith*, 11 Ill. App. 348; *Hoff* v. *West Jersey R. R. Co.*, 45 N. J. L. 201; *Smith* v. *New York & Harlem R. R. Co.*, 19 N. Y. 127). For determining the question of negligence, the test applied in all the later cases is, the actual practical use of the appliance, and not even the practicability of a new appliance as demonstrated by experiment.

The charge given at defendants' request by no means covered the whole ground after what had been said before, although correct in itself alone. The whole charge taken together must clearly have left an erroneous impression of the law upon the minds of the jury. If, however, this portion of the charge be construed as giving instructions directly contrary to those portions already discussed, the previous error in the charge is by no means thereby cured. The previous instructions were not withdrawn, nor was the jury told to disregard them. The jury was at liberty to

follow either instruction, and, if conflicting, the jury must have been completely confused. It is not the legal rule with reference to conflicting instructions to the jury that the last instruction is controlling, and in such case a new trial must be ordered if either instruction is erroneous (*Toledo & Wabash R. R. Co.* v. *Surman*, 67 Ill. 68).

II. The instructions to the jury as to where the burden of proof lay were clearly erroneous, and were not remedied or modified by any subsequent part of the charge.

These instructions amounted to a charge that plaintiff had made out his cause of action by proving that he was injured by a spark from defendants' locomotive (which facts were not disputed), and that he was entitled to a verdict unless defendant rebutted the presumption of negligence thereby raised. Such, however, is not the legal rule (*Rood* v. *New York & Erie R. R. Co.*, 18 Barb. 80; *McCaig* v. *Erie R. Co.*, 8 Hun 599).

The mere fact of the happening of an accident is not *prima facie* evidence of negligence, except in that class of cases described in the following decisions: *Mullen* v. *St. John*, 57 N. Y. 567; *Transportation Co.* v. *Downer*, 11 Wall. 129; *Rose* v. *Stephens' Transp. Co.*, 20 Blatchf. 411; *Seybolt* v. *New York, Lake Erie &c. R. R. Co.*, 95 N. Y. 562).

It has been repeatedly held that the emission of sparks and fire by locomotives is in no way abnormal (*Collins* v. *New York Central &c. R. R. Co.*, 5 Hun 503).

III. Not only was the verdict contrary to evidence, but the motion to dismiss the complaint upon the ground of failure to prove negligence should have been granted.

The plaintiff was bound to prove, under the foregoing decisions, not only that better appliances could be made, but that such appliances were in practical use and such use known (*Steinweg* v. *Erie Railway, supra*).

Plaintiff's case closed without any testimony as to what appliances defendants used or whether or not the very appliance suggested by plaintiff's witness was in use by defendants.

The evidence on the part of plaintiff did not under the

decisions constitute even *prima facie* evidence of negligence; plaintiff's case is not helped by any evidence subsequently brought out upon the trial; and the evidence on the part of defendants given by practical witnesses, who knew definitely of what they were speaking, showing what endeavors and experiments had actually been made by defendants, and what appliances are in actual use on railroads, seems completely to overwhelm the indefinite and purely hearsay testimony given by Mr. Bassett on behalf of plaintiff.

*John Henry Hull*, for respondent.—The appellants were guilty of negligence if they adopted not the most approved modes of construction and the best precautions in known practical use for securing safety. If there was known and in use any apparatus which, applied to an engine, would enable it to consume its own sparks, and thus prevent the emission of them, defendants were negligent if they did not avail themselves of such apparatus. And it was a question for the jury whether there did in fact such negligence exist (*Steinweg* v. *Erie Railway*, 43 N. Y. 127, per FOLGER, J.).

The injured party is not bound to show affirmatively that there was something improper in the construction of the defendants' engines, or that they were not in order, or were insufficiently or improperly managed. It often occurs that the same evidence which proves the injury shows such attending circumstances as to raise a presumption of the offending party's negligence, so as to cast upon him the burden of disproving it (*Field* v. *New York Central R. R.*, 32 N. Y. 346). Those circumstances raising the presumption of negligence are present in this case, and defendants have not disproved them.

Where there is any evidence on the part of the plaintiff that tends to show want of care or diligence in the management of the engines or of skill in their construction, the court has no right at the close of the case to take the question of negligence from the jury by nonsuiting the plaintiff

(*Field* v. *New York Central R. R.*, 32 N. Y. 350; *Bedell* v. *Long Island R. R. Co.*, 44 N. Y. 369; 3 Alb. L. Journ. 155; *Hegeman* v. *Western R. R. Corp.*, 13 N. Y. 27).

As to what is sufficient to warrant the jury to conclude that there was negligence on the part of the defendants, see the opinion of the General Term of this court in the case of *Ruppel* v. *Manhattan R. Co.*, *ante* p. 11); and Addison on Torts (Dudley & Baylies ed. vol. 1, p. 307).

CHARLES P. DALY, Chief Justice.—A portion of the charge which was excepted to, and several requests of the plaintiff's counsel that were charged, were erroneous (*Steinweg* v. *The Erie Railway Co.*, 43 N. Y. 123; *Smith* v. *New York & Harlem R. R.*, 19 N. Y. 127). But whatever these statements may have been, they were afterwards corrected; or rather, any error in them was obviated by the judge finally charging as requested by the defendants' counsel, "that if the defendants used the best devices known to avoid throwing sparks, ashes or cinders, and used them carefully and with prudence, then they were not responsible. That they were not bound to use any supposed improved device or one which theoretically might be supposed to be better than the one in use, but only such whose utility had been tried and approved in practical operation." This was the defendants' own view of the law. It was the correct one; and being the last thing the judge said respecting the law, it superseded and controlled what had been said before. The error in the part of the charge which was objected to, was that it might mislead the jury, being too broad, general and vague. This, the counsel for the defendants sought to correct by asking for an instruction that fitted on to what had previously been said, qualifying and limiting it, so clearly and comprehensively that the jury could not have been misled. I am not disposed, in this respect, to follow the case of *Toledo & Wabash R. R. Co.* v. *Surman* (67 Ill. 68), for I do not think that it was rightly determined. The judge, in his charge in that case, said that if the fire came from the defendants' engine, it was evidence of negligence; but, as

he afterwards said, it was *prima facie* evidence only, which, in fact, the statute of Illinois made it. These two statements were not, in my judgment, as the court held, "widely apart." The source from which the fire came, was evidence, because the statute made it evidence *prima facie ;* and what was afterwards said was merely stating what species of evidence it was. If the judge had said it was conclusive evidence, there would have been ground for holding that the two were "widely apart." But even then, I do not think it would be a reason for granting a new trial; for the last statement would obviously be a correction of the first, which is especially so in the present case, where, after the charge of the court, the counsel for the defendants rises, and in the presence of the jury, asks for a charge that modifies and limits what was previously said, with which request the judge complies and so charges; and it does not make the matter different, that the defendants' counsel asked to have an exception entered to what had been previously charged. Everything that the ingenuity of counsel can devise is resorted to, in the form of propositions and exceptions, that a new trial may be secured, if the verdict should be against them, and the facility with which new trials are granted by appellate courts upon fine drawn distinctions, that have never been considered by, nor had the slightest effect upon the minds of the jury, has become, in my judgment, a reproach to our system of jurisprudence (*Munroe* v. *Potter*, 22 How. Pr. 57).

The statement that the nature of the accident may itself afford *prima facie* evidence of negligence, and that, where there are circumstances indicating negligence, the burden of proving the absence of it is upon the defendant, are propositions abstractly correct, and the charge that if cinders or sparks escaped from the defendants' locomotive, it was *prima facie* evidence of negligence, must be understood as referring to the escape of cinders and sparks as described by the plaintiff, at the time when the injury happened, which was that he was driving a Sixth Avenue car, and as he came near Eighth Street, a locomotive engine

passed over his head, and as it passed, a shower of cinders came into his face, one of which stuck in his eye, so that it had to be extracted by a physician, producing a severe injury to the eye, and an illness, by which he lost 43 days' work. This, coupled with the general evidence of the falling of sparks, as a matter of daily observation, such as that "the cinders were always very bad," they were "falling always from the locomotive," that sparks of fire "probably an inch, and may be three inches"—would be emitted; that "a great deal of fire" was seen to drop down and strike along the track and on the top of the cars; that it was a "common occurrence," as one of the drivers said, for cinders to strike him in the face; that cinders dropped every three or four minutes; that "some locomotives emitted more sparks than others, to a very noticeable degree;" that one of the drivers, Dowdall, saw "a big lump of burning coal fall and strike the horse" that he was driving; with the testimony of Bassett, that the larger portion of the cinders exhibited in court, which had been collected in one spot upon a newspaper as they fell, could undoubtedly have been arrested by a sparks-arrester with which he was acquainted, was certainly enough to make out a *prima facie* case of negligence, which was substantially what was charged in the several propositions excepted to.

This being the case, the motion for a nonsuit was properly denied. The evidence given by the defendants as to the care they exercised to prevent injuries from falling cinders, greatly preponderated over that of Bassett. It was, in the language of the master mechanic of the New York, New Haven and Harlem Railroad Company, "that the means employed by the defendants were the nearest to perfection to any that had been employed." But Bassett's testimony was in conflict with that of all the witnesses called by the defendants, and the question was one for the jury.

The judgment should be affirmed.

LARREMORE, J., concurred.

VAN HOESEN, J.—The evidence for the plaintiff is very meagre, though I believe that he has a perfectly good cause of action. There is usually no difficulty in proving that the dropping of sparks from the locomotives of the Elevated Railway is caused by negligence, but yet in the majority of cases of this character, courts and jury are expected by the counsel for the plaintiff to presume, without proof, that negligence existed. The verdict in this case might well have been set aside as against the weight of evidence, but this court has not the power to weigh conflicting evidence in cases that are brought here upon appeal from the City Court. It ought to be understood that negligence is not established by mere proof that on a certain occasion sparks fell from a locomotive, and caused an injury. There must be proof that it was negligence to allow the sparks to fall (*McCaig* v. *Erie Railway*, 8 Hun 599; *Ruppel* 'v. *Manhattan R. Co.*, *ante* p. 11; *Lowery* v. *Manhattan R. Co.*, 12 Daly 431). Such proof is commonly made by evidence that engines properly constructed and in good order will not drop live coals, and yet that live coals were dropped from a locomotive, and that those coals occasioned the injury to the plaintiff (*Fields* v. *New York Central &c. R. R. Co.*, 32 N. Y. 339; *Lowery* v. *Manhattan R. Co.*, 12 Daly 431) ; or by evidence that live coals or sparks were emitted in such quantities that it is fair to conclude that the locomotive was either out of order, or carelessly managed (*Bedell* v. *Long Island R. R. Co.*, 44 N. Y. 367 ; *Ruppel* v. *Manhattan R. Co.*, *ante* p. 11).

The charge of the judge is open to criticism, and I have grave doubts as to the compatibility of one part of the charge with another. " The giving of inconsistent instructions is error, for the reason that the jury will be as likely to follow the one as the other. Therefore an erroneous instruction is not cured by another instruction upon the same subject, which is correct, unless the former is specifically withdrawn " (*Chapman* v. *Erie Railway*, 55 N. Y. 587 ; Thompson's Monograph on Charging the Jury, § 69). The Chief Justice has expressed the opinion that its various

parts may be harmonized so that the charge, taken as a whole, may not be an unfair or incorrect statement of the law. If this be so, the verdict may be sustained.

I concur in affirming the judgment, though I do so with great hesitation.

Judgment affirmed.