THE PEOPLE OF THE STATE OF NEW YORK ex rel THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent, v BENJAMIN B PARKER and Others, Assessors, etc., and HENRY A. ENNIS, Town Clerk, Appellants.

*Review of assessment—1880, chap. 269 — the title of the assessors to their office cannot be assailea in proceedings under it — only errors of over-valuation and inequality are to be reviewed.*

Upon a hearing at Special Term of this proceeding, which was instituted to review by *certiorari* the assessment of the property of the relator by the defendants, as assessors of the town of Highland, it appeared from the petition, return and evidence taken by a referee appointed for that purpose that the respondents Parker, Courtright and Bogert, respectively, claimed title to the office of assessor by election thereto, which election was duly certified, entered and verified on the town records kept by the town clerk, and that they had qualified and acted as such assessors under their election, and that Kilpatrick held by appointment, made August, 1886, to fill a vacancy alleged to have been caused by Courtright's removal from the town.

The Special Term held that Parker was not elected to the office of assessor, and was not an assessor of the town in the year the assessment was made; that Courtright removed from the town in 1886, and was not an assessor on September first of that year when the roll was verified by him and Parker, that in making and completing the assessment-roll the law was substantially disregarded, and that the oath was not made by any person who was an assessor at the time of making it, that the assessment was illegal and void and should be stricken from the roll, and that no proceedings should be taken to collect it.

*Held,* that it was not intended by the act (chap. 269 of 1880), under which this proceeding was taken, to extend the remedy by *certiorari* so as to embrace the ground of error, charged and found against the defendants, on which the decision was made.

That the act contemplated the issuing of the writ to officers (not to persons other than officers; to mere usurpers in office), with the right to make a new or reassessment and to correct illegality and errors in an assessment by assessors

That the decision should be reversed

The Special Term also found that Bogert, who was an assessor, was prevented by Parker from taking part in fixing the valuation and making up and verifying the roll

*Held,* that, even if it were admitted that such action was an "illegality," of which the relator might in this proceeding complain, it could not avail itself of it as it did not appear that it was in any way injured thereby, as two assessors could make an assessment, and it was not shown that the assessment would have been altered had Bogert been allowed to act.

APPEAL taken by the assessors, Parker, Courtright, Kilpatrick, and the town clerk, Ennis, from the final order in proceedings, under chapter 269, Laws of 1880, to review the assessment. of the relator's real estate in the town of Highland; Sullivan county , also from the order granting the writ , also from the order appointing the referee and overruling the objections to making said order ; also from the order refusing to modify the final order

This proceeding is by *certiorari,* under the Law of 1880 (chap 269), a special act providing for a review of assessments made for the purpose of taxation.   The writ was directed to Parker, Courtright, Bogert and Kilpatrick, "assessors, or claiming to have been assessors " of the town of Highland, in 1886, when the assessment complained of was made , and to Ennis, the town clerk.   Each of these persons made answer to the writ by separate returns

The case was ultimately brought to a hearing at Special Term upon the petition , the returns, and also the evidence taken before a referee appointed for the purpose by an order of reference, which order declared that it was not referred to take evidence as to the value of the relator's property, which was assessed on the roll, or of other property in the town.

It was made to appear from the returns and the evidence laid before the court, that Parker, Courtright and Bogert, respectively, claimed title to the office of assessor by election thereto, which election was duly certified, entered and verified on the town records kept by the town clerk, and that they had qualified and acted as such assessors under their election ; also, that Kilpatrick held by appointment made August, 1886, to fill a vacancy alleged to have been caused by Courtright's removal from the town

The Special Term, without considering the question whether the assessment against the relator was or -was not erroneous by reason of over-valuation, or was or was not unequal in that it was made at a higher proportional valuation than other property on the roll — these questions being eliminated from the case — found and held that Parker was not elected to the office of assessor, and was not an assessor of the town in 1886 , that Courtright had removed from the town in August, 1886, and was not an assessor on the first of September of that year, when the roll was verified by him and Parker , and that Bogert, who was assessor, was prevented by

434     PEOPLE ex rel. D. & H. C. Co. v. PARKER.

THIRD DEPARTMENT, JULY TERM, 1887.

Parker from taking part in fixing the valuation and making up and verifying the roll, and it was adjudged that in making and completing the said assessment-roll the law was substantially disregarded and the oath to said assessment-roll was not made by any person who was an assessor at the time of making said oath, and that the assessment of the relator's real estate appearing on said roll was illegal and void, and the assessment of the relator's real estate was ordered and adjudged to be stricken from the said assessment roll; and that no proceeding should be taken to enforce the collection of any tax that might have been imposed or levied on said assessment. The defendants (except Bogert) entered exceptions and appealed from such decision and order.

*John F. Anderson*, for the appellants.

*P. & C. F. Cantine*, for the respondent.

BOCKES, J.:

It will be observed that the Special Term made the proceeding, one in the nature of a *quo warranto* to the extent of an inquiry into the assessors' title to the office of assessor, respectively; although each held a formal record title thereto duly certfied and entered in the records of the town kept by the town clerk, and had qualified according to law and was also in the actual exercise of the duties of the office. The decision impeached the record which conferred upon these persons, in due form of law, the right to the office and adjudged Parker and Courtright who made up, signed and verified the assessment-roll, to be simply naked usurpers; and this although they claimed the office by virtue of formal record title, and were by tacit consent of the town in possession of the office. exercising its duties.

Thus the decision was put on the ground that these persons were mere intruders, having no better right to make up the assessment-roll than had any other two residents of the town who should on their own volition simply, assume to go through with the process of levying and collecting taxes from its property owners. Concede this and the case was not one for relief by *certiorari*, which goes to inferior courts or tribunals and to judicial or *quasi* judicial officers to review and correct erroneous decisions or proceedings had

PEOPLE ex rel. D. & H. C. Co. v. PARKER         435

THIRD DEPARTMENT, JULY TERM, 1887.

or taken by them in their capacity as officers, not to annul the action of naked intruders, on the ground that they were simply usurpers. In this latter case a party whose property should be taken from him through the illegal and wrongful action of such intruders would have a perfect remedy by suit in trespass or trover or replevin; and it is a general rule, that relief by *certiorari* is admissible only when there is no other available and adequate remedy. The exception to this rule exists only when the proceeding by *certiorari* is given by virtue of a special statute and it may too be observed that the very issuance of the writ to officers to review and correct their actions, implies this right to act legally as officers within the scope of their authority.

It is not, as we think, intended by the act of 1880, under which this proceeding is taken, to extend a remedy by *certiorari* so as to embrace the ground of error charged and found against the defendants, on which the decision here is made to depend. That act contemplates the issuing of the writ to officers (not to persons other than officers; to mere usurpers of office) with right to make a new or reassessment, and goes to correct illegality and errors in an assessment by assessors. The errors enumerated in the act of 1880 are over-valuation and inequality in the assessment. Such errors (as the case is now presented), are not here matters for consideration. The " illegality " spoken of in the act, as we conclude, embrace such illegal action as the assessors may commit as officers, as assessors having the general right and authority to assess persons and property for the purpose of taxation ; as, for instance, an assessment for property not owned by the person assessed for it, or which is exempt from taxation and the like. Our views of this case as above expressed are, as we think, fully sustained by the decision in the *People ex rel. Corwin* v. *Walter and others* (68 N. Y., 403.)

But it is urged, further, that Bogert was prevented by Parker from taking any part in fixing the valuation of property, and that on the review day the relator appeared and applied to have the assessed value of its property appearing on the roll reduced, which application was denied ; and that Bogert did not act thereon for the reason that Parker excluded and prevented him from acting, and such action by Parker is also insisted on as an " illegality," of which the relator may in this proceeding complain. Admit this, although we

do not so decide, and how then does it appear that the relator was thereby injured. Injury must be shown or the alleged illegality will be unavailing. (See section 1 of act of 1880.) Two assessors may make the assessment, and it does not appear that the assessment against the relator would have been any less, or, indeed, in any way affected had Bogert acted with the other two throughout.

The decision and order appealed from must be reversed and the proceeding sent back to the Special Term for other and final disposition. Fifty dollars costs of appeal and disbursements to be allowed to the appellants in the final order to be made herein.

LEARNED, P. J., and LANDON, J., concurred.

Order reversed and proceedings remitted to the Special Term for final decision, fifty dollars costs of appeal to be allowed appellant on final order