## PURDY *v.* LANSING.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

No. 96. Argued November 23, 26, 1888. — Decided December 10, 1888.

The bonds of the town of Lansing, in the State of New York, issued to aid in the construction of the New York and Oswego Midland Railroad, having been put out without a previous designation by the company of all the counties through which the extension authorized by the New York act of 1871, c. 298, would pass, were issued without authority of law, and are invalid.

THIS was an action at law against the town of Lansing to recover on bonds issued by it in aid of the New York and Oswego Midland Railroad. Judgment for defendant; plaintiff sued out this writ of error. The case is stated in the opinion.

*Mr. James R. Cox* for plaintiff in error.

*Mr. Francis Kernan* for defendant in error; *Mr. H. V. Howland* was with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an action upon certain bonds, with interest coupons attached, issued in the name of the town of Lansing, in the county of Tompkins, New York, to the New York and Oswego Midland Railroad Company, a corporation created by the laws of that State. The parties consenting thereto in writing, the case was tried by the court without a jury, and upon the special facts found there was a judgment for the town.

The correctness of that judgment depends upon the construction to be given to the act of the legislature of New York approved April 5, 1871, entitled "An act to authorize the New York and Oswego Midland Railroad Company to extend its road, and to facilitate the construction thereof." 1 Laws of N. Y. 1871, 586, c. 298. By the first section of that act it is provided: "The New York and Oswego Midland Railroad Company are hereby authorized and empowered to extend and construct their railroad from the city of Auburn, or from any point on said road easterly or southerly from said city, upon such route and location and through such counties as the board of directors of said company shall deem most feasible and favorable for the construction of said railroad, to any point on Lake Erie or the Niagara River." After giving authority to the company to locate, extend and construct certain branch roads, the section continues: "and any town, village, or city in any county, through or near which said railroad or its branches may be located, except such counties, towns or cities as are excepted from the provisions of the general bonding law, may aid or facilitate the construction of the said New York and Oswego Midland Railroad, and its branches and extensions, by the issue and sale of its bonds in the manner provided for in the act entitled 'An act to facilitate the construction of the New York and Oswego Midland Railroad, and to authorize towns to subscribe to the capital stock thereof,' passed April fifth, eighteen hundred and sixty-six, and the acts amendatory of and supplementary thereto."

In *Mellen* v. *Lansing,* 20 Blatchford, 278, 286, involving

substantially the same questions as are here presented, and in which case it became necessary to interpret the above statute, it was said: "Moreover, there is an inherent defect, in the fact that the company never, by any action of its directors, or otherwise, designated all the counties through which the road was to pass. Under the act of 1871, the whole extension or branch must be located before the bonds of any town can be issued. It is not enough that a location be made through a particular county. So that even though the maps filed could be regarded as a location of so much of the western extension as was to pass through Tompkins County, there would be no authority for issuing the bonds until the whole extension or branch should be located. The board of directors must in some way adopt an entire route as feasible and favorable before the town bonds can be issued. This seems to have been the view of the Court of Appeals of New York in *People* v. *Morgan,* 55 N. Y. 587." These views were in accordance with the previous decision by the same court in *Mellen* v. *Lansing,* 19 Blatchford, 512, and were reaffirmed in *Thomas* v. *Lansing,* 21 Blatchford, 119.

We are of opinion that this construction of the statute is the proper one. The reasons therefor are fully stated in the cases above cited, and, as they are entirely satisfactory, no good purpose would be subserved by enlarging upon them in this opinion. As the bonds in suit were issued without any previous action of the company designating all the counties through which would pass the road authorized by the act of 1871 to be constructed, they must be held to have been issued without authority of law, and cannot, therefore, be the foundation of a judgment against the town.

*The judgment below is affirmed.*