John H. Pbnnock, J.
The petitioner is the duly elected member of the School Board of the Enlarged City School District of Watervliet, New York. He has brought this proceeding pursuant to law. (CPLB art. 78.)
The court makes the following findings.
1. That the petitioner, Edward Reinfurt, Jr., was duly elected as a member of the school board at a legally held election on May 2, 1972, having received 1,027 votes.
2. That under the Education Law he was duly elected for a. term of five years. (Education Law, § 2610, subd. 4.)
3. That the action of the respondent school board in declaring the petitioner’s election invalid and its declaration that respondent candidate, Arthur J. Fruscio, to have been duly elected was an act not within the administrative board’s power and was thus illegal as a matter of law.
The respondents’ error, as the court views it, is that it (the board) has assumed the prerogative of determining that the petitioner was unqualified for the public office because of age. The board upon the canvass of the election results determined that Edward Reinfurt, Jr. was not 21 years of age and that old subdivision 1 of section 3 of the Public Officers Law was controlling. The board was in error in assuming this prerogative and exceeded its statutory authority. (Education Law, § 2610, subd. 4.) This section of the Education Law specifically sets forth the powers and duties of the board of education. Its powers and duties are limited to the examination and tabulation of the results of the election. The board has the power to declare the results of the canvass of the votes. It has no power to entertain or make a quasi-judicial or an administrative decision which deletes the name of a candidate who has been elected. (Education Law, § 2610, subd. 4.) As can be readily perceived the action of the board has disenfranchised 1,027 voters. Even if the board had such power a new election would be necessary to give these voters an opportunity to cast an effective ballot. But such is not the case here; no new election is required as the board had no authority to annul the petitioner’s election. Edward Reinfurt, Jr. is a duly elected official and holds office under color of right. His continuance in office is not subject to collateral attack but must be tried in a proceeding in the nature of a quo warranto. (Matter of Carp, 179 App. Div. 387, affd. 221 N. Y. 643.)
*257 This proceeding is a matter of considerable public importance. In fact the New York Legislature in its wisdom amended the Public Officers Law in its last session to lower the age limit to hold public office from 21 years to 18 years. Quaere whether this amendment is controlling in the Edward Beinfurt, Jr. election. Further, this court shall not pass upon the question of constitutionality because this petitioner is not an aggrieved person now that this court has found him a duly elected member of the board.
In conclusion the court orders that the board reconvene at its usual meeting place at 8 o ’clock in the evening following receipt of a copy of the judgment entered upon this decision and further that the board shall comply with section 2610 of the Education Law and declare the said petitioner, Edward Beinfurt, Jr., elected in this, five-year term position and accommodate the remainder of its declaration to coincide with this determination. This determination shall be considered as an order of mandamus. (CPLB 7801.)